<u>**IN THE CIRCUIT COURT FOR FREDERICK COUNTY, MARYLAND**</u>

| | | |
|---|---|---|
| Rehab Financial Group L.P., | * | |
| *Plaintiff*, | * | |
| v. | * | CASE NO. C-10-JG-25-002261 |
| Travis Robert Ritter, et al. | * | |
| *Defendants*. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

<u>**OPINION AND ORDER**</u>

On December 8, 2025, this matter was set for a hearing on Garnishee's *Motion to Quash Writs of Garnishment for Lack of Jurisdiction*, Garnishee's *Motion to Strike Plaintiff/Judgement Creditor's Charging Order*, and Judgement Creditor's *Request for Judgement – Garnishment*. After hearing oral arguments, reviewing the parties' written memoranda, and after a review of the case, the Court now issues this Opinion and Order.

<u>**Factual and Procedural History**</u>

Rehab Financial Group, L.P. [hereinafter "Judgement Creditor"] filed a *Request to File Foreign Judgement* against Travis Robert-Ritter [hereinafter "Judgement Debtor"] on June 25, 2025, in the amount of $5,564,403.46. Judgement Creditor amended its Request on July 1, 2025, and again on July 16, 2025, to add sixteen other judgement debtors. This Court recorded the Judgement on July 17, 2025.

On August 13, 2025, Judgement Creditor filed a *Request for Writ of Garnishment of Wages* and *Request for Writ of Garnishment of Property other than Wages* [hereinafter "the Writs of Garnishment"] against Albrecht Law, LLC [hereinafter "Garnishee"]. The Maryland Resident Agent for the Garnishee was served with both Writs on August 19, 2025, at its Maryland address.

1

Garnishee filed an *Answer to Writ of Garnishment of Wages* on October 3, 2025, seeking dismissal on the grounds that the Defendant/Judgment Debtors are not employees of Garnishee and therefore are not paid wages subject to garnishment. Garnishee also filed an *Answer to Writ of Garnishment of Non-Wages* on October 3, 2025, admitting that it is indebted to Judgement Debtor in the amount $40,200, and Garnishee is in possession of that property. Judgement Creditor filed a *Request for Hearing* on its *Request for Writ of Garnishment of Wages* on October 17, 2025, but this court has not scheduled a hearing on this issue yet. Judgement Creditor filed a *Request for Judgement – Garnishment* on October 17, 2025, requesting a judgement be entered against Garnishee in the amount it admitted to owing Judgement Debtor in its *Answer to Writ of Garnishment of Non-Wages*, $40,200. The hearing for Judgement Creditor's *Request for Judgement – Garnishment* occurred before this Court on December 8, 2025 [hereinafter "the Motions Hearing"].

Garnishee filed an *Amended Answer to Writ of Garnishment of Property Other than Wages* on October 21, 2025, supplementing its answer with the affirmative defense that the court lacks personal jurisdiction over the property. Garnishee also filed an *Amended Answer to Writ of Garnishment of Wages*, claiming the court lacks personal jurisdiction over the judgement debtors and wages. On October 22, 2025, Garnishee filed a *Motion to Quash Writs of Garnishment for Lack of Jurisdiction*. Judgement Creditor filed an *Opposition to Garnishee's Motion to Quash Writs of Garnishment for Lack of Jurisdiction* on November 6, 2025. The hearing for Garnishee's *Motion to Quash Writs of Garnishment for Lack of Jurisdiction* occurred before this Court at the Motions Hearing.

Judgement Creditor filed a *Request for Issuance of Charging Order* against the Judgement Debtor's partnership interest in Garnishee on October 17, 2025, which this Court

granted on October 28, 2025. Garnishee filed a *Motion to Strike Plaintiff/Judgement Creditor's Charging Order* on November 11, 2025. Judgement Creditor filed an *Opposition to Garnishee's Motion to Strike Charging Order* on November 25, 2025. Garnishee's *Motion to Strike Plaintiff/Judgement Creditor's Charging Order* was heard at the Motions Hearing.

**Analysis**

**Garnishee's *Motion to Quash Writs of Garnishment for Lack of Jurisdiction***

Garnishee seeks dismissal of the *Writ of Garnishment of Property Other than Wages* (the "Non-Wage Writ") and the *Writ of Garnishment of Wages* (the "Wage Writ") on the grounds that the Court does not have jurisdiction over the Garnishee, the Judgment Debtor, and the monies to be garnished.

a. *Personal Jurisdiction over the Judgment Debtor*

The Uniform Enforcement of Foreign Judgements Act ("UEFJA") is a law approved by the National Conference of Commissioners on Uniform State Laws in 1948 that allows a judgement creditor to enroll and enforce a judgement in a state other than where it was first recorded (a "foreign judgement").[1] Maryland adopted an amended version of the UEFJA in 1987, thus allowing a foreign judgement to be enrolled and enforced in Maryland as if the judgement originated in the state.[2] One way to enforce a judgement once it has been enrolled under the UEFJA is a writ of garnishment.[3]

Judgement Creditor argued in its memoranda and oral argument that registering a foreign judgement under the UEFJA triggers personal jurisdiction over a non-resident debtor.[4] Garnishee

---

[1] *Mensah v. MCT Federal Credit Union*, 446 Md. 525, 528-29 (2016)
[2] *Id*. at 529-30
[3] *Id*.
[4] *Plaintiff's Opposition to Garnishee's Motion to Quash Writs of Garnishment for Lack of Jurisdiction*, Pages 3-4

rebutted in its memoranda and oral argument that while the UEFJA provides Maryland jurisdiction to enroll a foreign judgement, it does not provide jurisdiction to enforce it.[5] Rather, Garnishee contends that Maryland courts must find that the judgement debtor and property have minimum contacts with the state before enforcing a foreign judgement through a writ of garnishment.[6] The Court finds that enrolling a foreign judgement in Maryland under the UEFJA establishes personal jurisdiction over a non-resident judgement debtor.

In *St. Paul Mercury Insurance Co. v. Am. Bank Holdings, Inc.*, the U.S. District Court held that registering a foreign judgment under the federal version of the UEFJA satisfies Maryland's long arm statute and establishes personal jurisdiction over a non-resident defendant.[7] Later relying on *St. Paul Mercury Insurance Co.*, the Maryland Court of Special Appeals interpreted Maryland's UEFJA to align with the federal version.[8] In this case, Judgement Creditor enrolled a Pennsylvania judgement in Maryland against a non-resident judgement debtor under the UEFJA.[9] As enrolling a foreign judgement in Maryland under the UEFJA triggers personal jurisdiction over a non-resident debtor, this Court holds that it has personal jurisdiction over the Judgement Debtor.

b. *Personal Jurisdiction over the Garnishee*

To have personal jurisdiction over a garnishee to enforce a writ of garnishment in Maryland, the garnishee must be properly served, and the debtor must be able to independently bring a claim against the garnishee in the state.[10] To properly serve a limited liability company

---

[5] *Motions Hearing*, December 8, 2025
[6] *Id*; Garnishee's *Motion to Quash Writs of Garnishment for Lack of Jurisdiction*, Pages 1-2
[7] *St. Paul Mercury Ins. Co. v. American Bank Holdings, Inc.*, 691 F.Supp.2d 626, 629-30 (D. Md. 2010)
[8] *Stevenson v. Edgefield Holdings, LLC*, 244 Md. App. 604, 628, 225 A.3d 85, 99 (2020)
[9] Garnishee's *Motion to Quash Writs of Garnishment for Lack of Jurisdiction*, Pages 2-3
[10] *Cole v. Randall Park Holding Co.*, 201 Md. 616, 624, 95 A.2d 273, 277 (Md. Ct. Spec. App. 1953)

under Maryland law, its resident agent must be served.[11] For a debtor to bring an independent claim against a garnishee, the court must have general or specific jurisdiction over the garnishee.[12] A corporate entity is subject to general jurisdiction in the state where it is incorporated and where it has its principal place of business.[13] For a Maryland court to exercise specific personal jurisdiction over a defendant, the defendant must have "minimum contacts" with the state, and there must be a connection between Maryland and the claims in the case.[14]

In this case, Garnishee's Maryland Resident Agent was served with the Wage Writ and Non-Wage Writ on August 19, 2025, at its Maryland address.[15] However, Garnishee is not subject to general personal jurisdiction in Maryland because it was incorporated in Delaware and has its principal place of business in Washington, D.C.[16] Similarly, Garnishee is not subject to specific personal jurisdiction in Maryland because Garnishee practices "little to no law" in the state, its sole member resides in Pennsylvania, and the debt Garnishee owes Judgement Debtor is based on services Judgement Debtor performed for Garnishee that were wholly outside of Maryland.[17] Therefore, this Court finds that it does not have jurisdiction over Garnishee.

c. *Personal Jurisdiction over the monies owed under the Non-Wage Writ*

Garnishee argued in its memoranda and oral argument that Maryland courts do not have jurisdiction over the monies owed under the Non-Wage Writ because the debt Garnishee owes

---

[11] Md. Rule 2-124(h)

[12] *Cole*, 201 Md. at 623, 95 A.2d at 277; *Haw v. National Collegiate Athletic Association*, 260 Md.App. 310, 341, 309 A.3d 6482-83 (2024); *see Harbor Pilots of NY, NJ, L.L.C. v. Bouchard Transp. Co., Inc*., 474 F.Supp.3d. 727, 732-33 (D. Md. 2020)

[13] *Haw*, 260 Md.App. at 342-44, 309 A.3d at 83-84

[14] *Id*. at 354, 356

[15] *Affidavit of Service – Writ of Property Other than Wages*

[16] Garnishee's *Motion to Quash Writs of Garnishment for Lack of Jurisdiction*, Page 3; *Motions Hearing*, December 8, 2025

[17] Garnishee's *Motion to Quash Writs of Garnishment for Lack of Jurisdiction*, Page 1, 3; *Motions Hearing*, December 8, 2025

Judgement Debtor originated from compensation for services performed outside of Maryland, and the monies owed are held in a bank outside of Maryland.[18] Judgement Creditor argued in its memoranda and oral argument that because Maryland has jurisdiction over Garnishee, it is irrelevant whether the property is located outside the forum state.[19] This Court finds that does not have jurisdiction over the monies owed under the Non-Wage Writ.

A court must have jurisdiction over property a garnishee owes to a judgment debtor in order to garnish the property.[20] A court only has jurisdiction over intangible property, such as a debt, if it is "payable expressly in this State" or the court has jurisdiction over the party whose property is to be garnished.[21] In this case, the monies Garnishee owes to Judgement Debtor are not payable expressly in Maryland because the underlying judgement originated in Pennsylvania, the debt is derived from services that were performed outside of Maryland, and the monies are held in a bank outside of Maryland.[22] Additionally, as established, this Court does not have jurisdiction over the Garnishee because Garnishee is not domiciled in the state, and there is no connection between Maryland and the debt owed.[23] Therefore, the Court holds that it does not have jurisdiction over the debt owed under the Non-Wage Writ.

The Court finds that it does not have jurisdiction to enforce the Non-Wage Writ because it does not have jurisdiction over the Garnishee or the debt Garnishee owes to Judgement Debtor.

---

[18] Garnishee's *Motion to Quash Writs of Garnishment for Lack of Jurisdiction*, 1-3
[19] *Plaintiff's Opposition to Garnishee's Motion to Quash Writs of Garnishment for Lack of Jurisdiction*, Page 3-5
[20] *See Cole v. Randall Park Holding Co.*, 201 Md. 616, 628, 95 A.2d 273, 279 (Md. Ct. Spec. App. 1953); *Catholic Univ. Am. v. Bragunier Masonry Contractors, Inc.*, 139 Md.App. 277, 307 (2001)
[21] *Catholic Univ. Am.*, 139 Md.App. at 307-8
[22] Garnishee's *Motion to Quash Writs of Garnishment for Lack of Jurisdiction*, Page 1
[23] Exhibit A, to *Plaintiff's Opposition to Garnishee's Motion to Strike Request for Issuance of Charging Order*; Garnishee's *Motion to Quash Writs of Garnishment for Lack of Jurisdiction*, Pages 1, 3; *Motions Hearing*, December 8, 2025

d. *Personal Jurisdiction to Enforce the Wage Writ*

Garnishee argued in its memoranda and oral argument that this Court does not have

jurisdiction to enforce the Wage Writ because Garnishee pays Judgement Debtor to perform

services for Garnishee outside of Maryland, and the underlying Pennsylvania judgement does not

have a connection to Maryland.[24] Judgement Creditor argued in its memoranda and oral

argument that this Court has jurisdiction to enforce the Wage Writ because Garnishee does

continuous and systematic business in the state.[25] This Court considers two cases, *Livingston v.*

*Naylor*,[26] and *Mensah v. MCT*,[27] in determining whether this Court has jurisdiction to enforce the

Wage Writ.

In *Livingston v. Naylor*, a judgement was entered against Livingston in favor of Naylor in

North Carolina in the amount of $50,000.[28] Livingston worked at Marriott from 1996 to at least

2007, when the case was filed.[29] In 2004, Livingston was assigned to temporarily work at a

Marriott in Maryland for four to six weeks.[30] During that time, a *Writ of Garnishment of Wages*

was served on the Marriott in Bethesda, Maryland.[31] Livingston and Marriott filed motions to

dismiss the writ based on lack of personal jurisdiction.[32] The Circuit Court for Montgomery

County denied the motions to dismiss, and Livingston appealed the decision.[33]

On appeal, Livingston argued that the court did not have jurisdiction to domesticate the

North Carolina judgement or enforce the judgement through the writ of garnishment of wages

---

[24] Garnishee's *Motion to Quash Writs of Garnishment for Lack of Jurisdiction*, Page 3, 6
[25] *Plaintiff's Opposition to Garnishee's Motion to Quash Writs of Garnishment for Lack of Jurisdiction*, Pages 4-5
[26] 173 Md. App. 488, 920 A.2d 34 (Md. Ct. Spec. App. 2007)
[27] 446 Md. 525 (Md. Ct. App. 2016)
[28] 173 Md. App. 488, 491, 920 A.2d 34, 36 (Md. Ct. Spec. App. 2007)
[29] *Id*.
[30] *Id*. at 492
[31] *Id*.
[32] *Id*.
[33] *Id*.

7

because he did not have sufficient "minimum contacts" with Maryland.[34] The Court of Special Appeals of Maryland first addressed whether the lower court had jurisdiction to domesticate the North Carolina judgement.[35] While the court noted that it has not been established in Maryland caselaw that a debtor must have minimum contacts with the forum state to enroll a judgement pursuant to the UEFJA, the court concluded that it was nevertheless "not a violation of Livingston's due process rights for the circuit court to enroll Naylor's North Carolina judgment."[36]

In next addressing Livingston's argument that the lower court did not have jurisdiction to enforce the judgement, the court asserted that there is a difference between the enrollment and enforcement of a foreign judgment.[37] While the court similarly noted that there is no Maryland caselaw requiring a court to have personal jurisdiction to enforce a foreign judgement through a writ of garnishment of wages, it analyzed Livingston's argument that two Supreme Court cases, *Shaffer v. Heitner*[38] and *Rush v. Savchuk,*[39] nevertheless compel it. After discussing these cases, the court reasoned that garnishing wages for services rendered wholly outside of Maryland when there was no other connection between Maryland and the debtor or the underlying judgement would violate due process.[40] Furthermore, "the presence of Marriott in all 50 states is not sufficient to support garnishments of its employees in states having no connection with the

---

[34] *Id.* at 493-96, 501
[35] *Id.* at 493-96
[36] *Id.* at 495, 499
[37] *Id.* at 500-1
[38] 433 U.S. 186 (1977)
[39] 444 U.S. 320 (1980)
[40] *Livingston*, 173 Md. App. at 488, 517, 920 A.2d at 34, 51-52)

8

employees' earning of such wages."[41] Therefore, the court concluded that the only wages subject to garnishment in this case were the wages earned while Livingston was in Maryland.[42]

In *Mensah*, Daniel Mensah accrued $19,657.66 in credit card debt and $14,951.55 on a personal line of credit while living in Maryland.[43] In 2010, the District Court of Maryland for Montgomery County awarded MCT Federal Credit Union ("MCT") default judgement against Mensah for the unpaid debt.[44] In 2013, MCT sought to enforce the judgement by filing two writs of garnishment of wages that were served on Mensah's employer.[45] Mensah filed motions to quash the writs for lack of jurisdiction, arguing that "his wages, earned solely for work he performed in Texas, were not subject to garnishment in Maryland."[46] The District Court denied the motions to quash, and Mensah appealed.[47] On appeal, the Circuit Court for Montgomery County affirmed the District Court's decision.[48] Mensah petitioned the Court of Appeals of Maryland for certiorari.[49] On appeal, the Maryland Court of Appeals affirmed the denial of the motions to quash, finding that the District Court had jurisdiction to enforce the judgements against Mensah through the writs of garnishments of wages earned in Texas because the original money judgement was entered in Maryland, and Mensah's employer had continuous and systematic business contacts in Maryland.[50]

Neither *Livingston* nor *Mensah* explicitly held that a court must have personal jurisdiction over a debtor's wages to enforce a foreign judgement through a writ of garnishment of wages.

---

[41] *Id.* at 520-21
[42] *Id.*
[43] *Mensah v. MCT Federal Credit Union*, 446 Md. 525, 526 (Md. Ct. App. 2016)
[44] *Id.*
[45] *Id.* at 527
[46] *Id.*
[47] *Id.* at 527-28
[48] *Id.* at 528
[49] *Id.*
[50] *Id.* at 541-42

Additionally, neither case provided a brightline rule to determine when a court has jurisdiction to enforce a writ of garnishment of wages. However, these cases serve as a guide to determine when enforcing a foreign judgement through a writ of garnishment of wages would be so attenuated from the judgement debtor that it would violate due process.[51] Based on these two cases, this Court finds that it may not enforce a foreign judgement against a non-resident through a writ of garnishment of wages for labor performed wholly outside of the state of Maryland without violating due process unless the underlying judgement has a connection to Maryland or the Garnishee maintains continuous and systematic business in the state.[52]

In this case, Judgement Creditor is seeking garnishment for wages performed wholly outside of Maryland.[53] The judgement in this case originated in Pennsylvania, and the conduct that led to the judgement has no connection to Maryland.[54] While Garnishee has an office in Maryland, it practices "little to no law" in the state, was incorporated in Delaware, maintains its principal office in Washington D.C., and its sole member resides in Pennsylvania.[55] This Court finds that the underlying judgement in this case does not have a connection to Maryland, and Garnishee does not maintain continuous and systemic business in Maryland.

---

[51] Compare *Livingston v. Naylor*, 173 Md. App. 488, 517, 520, 920 A.2d 34, 51-53 (Md. Ct. Spec. App. 2007) (holding that it would violate due process to garnish the debtor's wages for services rendered while wholly in North Carolina because there was no other connection between Maryland and the debtor or the underlying judgement), with *Mensah v. MCT Federal Credit Union*, 446 Md. 525, 542 (Md. Ct. App. 2016) (finding that MCT could enforce a writ of garnishment  for wages earned wholly outside of Maryland because the original judgement was registered in Maryland, and the debtor's employer had continuous and systematic business conduct in Maryland.).
[52] *See supra* note 51
[53] Garnishee's *Motion to Quash Writs of Garnishment for Lack of Jurisdiction*, Page 6
[54] *Id*. at Pages 3, 6; *Motions Hearing*, December 8, 2025
[55] Garnishee's *Motion to Quash Writs of Garnishment for Lack of Jurisdiction*, Page 3; *Motions Hearing*, December 8, 2025

The Court finds that it cannot enforce the Wage Writ for services performed outside of Maryland without violating due process. The Court shall GRANT Garnishee's *Motion to Quash the Writs of Garnishment for Lack of Jurisdiction*.

   e.   *Waiver of the Personal Jurisdiction Defense*

Garnishee seeks dismissal of the Writs of Garnishment for lack of jurisdiction. Garnishee first raised these arguments in its *Amended Answer to Writ of Garnishment of Property Other than Wages* and *Amended Answer to Writ of Garnishment of Wages*. Judgement Creditor argued in its oral argument that Garnishee waived its right to raise a personal jurisdiction defense when it failed to file a motion to dismiss the Writs of Garnishment for lack of jurisdiction before filing an answer.[56] Judgement Creditor relied on Maryland Rule 2-322(a) to support this argument, which provides that a party waives a personal jurisdiction defense if it does not raise it in a motion to dismiss before filing an answer.[57] Garnishee responded in its *Reply in Support of Motion to Quash Writs of Garnishment* that Maryland Rules 2-645 and 2-646 expressly permit Garnishee to raise a personal jurisdiction defense in its answer to a writ of garnishment.[58]

Under Maryland Rule 2-645, which governs garnishment of property, and Maryland Rule 2-646, which governs garnishment of wages, a garnishee shall file an answer to a writ of garnishment within the time required under Maryland Rule 2-321.[59] Both rules provide that the answer may include "any defense that the garnishee may have to the garnishment."[60] Because Garnishee raised its personal jurisdiction defense in its *Amended Answer to Writ of Property Other than Wages* and *Amended Answer to Writ of Garnishment of Wages*, the Court holds that

---

[56] *Motions Hearing*, December 8, 2025
[57] Md. Rule 2-322(a)
[58] Garnishee's *Reply in Support of Motion to Quash Writs of Garnishment*, Page 2
[59] Md. Rule 2-645(e); Md. Rule 2-646(e)
[60] *Id.*

Garnishee did not waive its right to raise a personal jurisdiction defense to the Writs of Garnishment.

### f. Lack of Standing to Raise a Personal Jurisdiction Defense

Garnishee seeks dismissal of the Writs of Garnishment for lack of jurisdiction over the Judgment Debtor.[61] Judgement Creditor argued at the Motions Hearing that the Garnishee lacks standing to raise a personal jurisdiction defense on behalf of the Judgement Debtor.[62] Garnishee responded in its *Reply in Support of Motion to Quash Writs of Garnishment* that Maryland Rules 2-645 and 2-646 expressly permit Garnishee to raise defenses on behalf of the Judgement Debtor.[63]

Maryland Rules 2-645(e) and 2-646(e) provide that a garnishee's answer to a writ of garnishment of property or wages may include "any defense that the garnishee may have to the garnishment, as well as *any defense that the debtor could assert*."[64] As Garnishee's assertion that the court lacks personal jurisdiction over Judgement Debtor was included in its amended answers to the Writs of Garnishment, the Court holds that Garnishee has standing to raise a personal jurisdiction defense on behalf of Judgement Debtor.

### Judgement Creditor's *Request for Judgement – Garnishment*

Judgement Creditor seeks a judgement to be entered against Garnishee and in favor of Judgement Creditor on the grounds that Garnishee admitted to owing Judgement Debtor $40,200 and being in possession of that property.[65]

---

[61] Garnishee's *Motion to Quash Writs of Garnishment for Lack of Jurisdiction*, Page 6
[62] *Motions Hearing*, December 8, 2025
[63] Garnishee's *Reply in Support of Motion to Quash Writs of Garnishment*, Page 2
[64] Md. Rule 2-645(e); Md. Rule 2-646(e) (emphasis added)
[65] Judgement Creditor's *Request for Judgement – Garnishment*, Pages 1-2

Maryland Rule 2-645(g) provides that "[i]f the garnishee files a timely answer [to a writ of garnishment of property], the matters set forth in the answer shall be treated as established for the purpose of the garnishment proceeding unless the judgment creditor files a reply contesting the answer within 30 days after its service."[66] In this this case, Garnishee filed an *Amended Answer to Writ of Garnishment of Property Other than Wages* on October 21, 2025, admitting that Garnishee is indebted to Judgement Creditor in the amount of $40,200, and that Garnishee is in possession of that property.[67] Although the requirements under Maryland Rule 2-645(g) have been met, the Court cannot enforce the Non-Wage Writ because it does not have jurisdiction over the Garnishee or the debt Garnishee owes to Judgement Debtor.[68]

The Court shall DENY Judgement Creditor's *Request for Judgement – Garnishment*.

### Garnishee's *Motion to Strike Judgement Creditor's Charging Order*

Garnishee requests that the Charging Order entered October 28, 2025, be struck on the grounds that Judgement Debtor does not have a membership interest in Garnishee. [69] Garnishee argued in its memoranda and oral argument that a court may only enter a charging order against a member of an LLC.[70] Garnishee contends that because Judgement Debtor is not a member of Garnishee, the Charging Order must be struck.[71] Judgement Creditor responded in its memoranda and oral argument that Judgement Debtor has an economic interest in Garnishee that a court may attach a charging order to because he holds himself out to be a

---

[66] Md. Rule 2-645(g)
[67] Garnishee's *Amended Answer to Writ of Garnishment of Property Other than Wages*
[68] *See supra*, *Garnishee's Motion to Quash Writs of Garnishment for Lack of Jurisdiction* (b)-(c)
[69] Garnishee's *Motion to Strike Plaintiff/Judgement Creditor Rehab Financial Group, L.P.'s Charging Order*, Page 2
[70] *Id.*
[71] *Id.*

13

"Partner/Shareholder" of Garnishee to the Florida Bar and "Partner & Chair of the Litigation Department" on Garnishee's website.[72]

Under Maryland Annotated Code, Corporations and Associations § 4A-607(b)(1), a court may charge a debtor's "economic interest" in a limited liability company to satisfy a debt owed to a creditor.[73] The charging order "constitutes a lien on the economic interest of the debtor in the limited liability company and requires the limited liability company to pay over to the creditor only any distributions that would otherwise be payable to the debtor whose economic interest is charged."[74] The statute defines "economic interest" as "a *member's* share of the profits and losses of a limited liability company and the right to receive distributions from a limited liability company."[75] The statute defines "member" as "a person who has been admitted as a member of a limited liability company under § 4A-601 of this title or as a member of a foreign limited liability company, and who has not ceased to be a member."[76]

In this case, Eli Albrecht executed an affidavit which states he is the sole member of Garnishee, and Judgement Debtor does not hold any membership, partnership, or other interest in Garnishee.[77] Because Judgement Debtor is not a member of Garnishee or does not otherwise hold an interest in Garnishee, the Court finds that Judgement Debtor does not have an economic interest in Garnishee that a court may charge.

---

[72] Judgement Creditor's *Opposition to Garnishee's Motion to Strike Charging Order*, Page 1-2; Judgement Creditor's *Exhibit to Response to Motion to Strike Charging Order – Florida Bar Profile*, Page 2
[73] Md. Code, Corporations and Associations § 4A-607(b)(1)
[74] *Id*. at § 4A-607(c)(1)
[75] *Id*. at 4A-101(i)(emphasis added)
[76] *Id*. at 4A-101(n)
[77] Exhibit A, to *Garnishee's Motion to Strike Plaintiff/Judgement-Creditor's Charging Order*

The Court shall GRANT Garnishee's *Motion to Strike Judgement Creditor's Charging Order*.

## I.    Conclusion

Three motions came before this Court during the Motions Hearing. The first issue was Garnishee's *Motion to Quash Writs of Garnishment for Lack of Jurisdiction*. As this Court does not have jurisdiction over the property or Garnishee and cannot enforce the Wage Writ without violating due process, the Court shall grant the Garnishee's *Motion to Quash Writs of Garnishment for Lack of Jurisdiction*.

The second issue was Judgement Creditor's *Request for Judgement – Garnishment*. As this Court does not have jurisdiction over the property or Garnishee, the Court shall deny Judgement Creditor's *Request for Judgement – Garnishment*.

The third issue that came before this Court was Garnishee's *Motion to Strike Judgement Creditor's Charging Order*. Because Judgement Debtor does not have a membership interest in Garnishee, the Court shall grant Garnishee's *Motion to Strike Judgement Creditor's Charging Order*.

## ORDER

FOR THE REASONS stated above, it is hereby on 01/05/2026 _____ by the Circuit Court for Frederick County, Maryland,

**ORDERED**, that Garnishee's *Motion to Quash Writs of Garnishment for Lack of Jurisdiction* is hereby GRANTED; and it is further

15

ORDERED, that Judgement Creditor's *Request for Judgement – Garnishment* is hereby DENIED, and it is further

ORDERED, that the Garnishee's *Motion to Strike Judgement Creditor's Charging Order* is hereby GRANTED.

JUDGE, CIRCUIT COURT FOR
Scott L. Rolle, Judge
FREDERICK COUNTY, MARYLAND

01/05/2026 12:42:21 PM

Entered: Clerk, Circuit Court for
Frederick County, MD
January 6, 2026

16