Troutman Pepper Locke LLP
3000 Two Logan Square, Eighteenth and Arch Streets
Philadelphia, PA 19103

troutman.com



**Richard Zack**
Richard.Zack@troutman.com
215.981.4726

March 16, 2026

**VIA EMAIL**

Kyle Elliott, Esq.
Elliott Greenleaf, P.C.
925 Harvest Drive, Suite 300
Blue Bell, PA  19422

Re:    **DEMAND FOR PAYMENT – FOR SETTLEMENT PURPOSES ONLY**

Kyle:

As you know, we represent Genesis Capital, LLC ("Genesis").  Genesis demands payment of $1 million from Eli Albrecht and Albrecht Law, LLC, to compensate for damages incurred by Genesis which were directly caused by Albrecht's fraudulent transfer of Travis Robert-Ritter's interest in their shared law practice in a manner designed to unlawfully evade Robert-Ritter's creditors, including Genesis.[1]

We have gathered significant evidence of Albrecht's fraudulent activities, including his admissions in his deposition.  Albrecht was introduced to Robert-Ritter in early 2025.  After a brief phone call, Albrecht decided to make Robert-Ritter his partner and Litigation Chair of Albrecht Law.  Although Albrecht's vetting of Robert-Ritter's professional experience and abilities was limited, Albrecht learned that Robert-Ritter's real estate business had recently failed and that Robert-Ritter was deeply in debt, having several large judgments against him.  Knowing Robert-Ritter's financial situation, Albrecht made Robert-Ritter his partner.  Specifically, Albrecht granted Robert-Ritter a 60-percent interest in the litigation department of Albrecht Law.  We do not know exactly how much of an interest Albrecht granted Robert-Ritter in Albrecht Law.  However, based on Albrecht's estimate, Robert-Ritter's interest was more than 20 percent of Albrecht Law.

Albrecht announced that Robert-Ritter had joined Albrecht Law in March 2025.  From that time through September 2025, consistent with their arrangement, Albrecht Law distributed to Robert-Ritter more than $600,000.  Genesis, which holds a judgment of more than $14 million against Robert-Ritter, was entitled to attach those payments to satisfy its judgment.  The evidence shows that Robert-Ritter functioned as a 60-percent owner of the litigation part of the practice he shared with Albrecht from the inception of their partnership.  Albrecht testified during his

---

[1] Genesis reserves the right to bring claims for any other causes of action, including but not limited to conspiracy to commit fraudulent conveyance, fraud, and aiding and abetting fraud.

troutman
pepper locke

March 16, 2026
Page 2

_____

deposition that, from the beginning, he envisioned Robert-Ritter as an equity shareholder in their business.

After granting this interest in Albrecht Law to Robert-Ritter, Albrecht engaged in extensive efforts to obstruct Genesis's efforts to collect on its judgment.  Albrecht admitted that he was aware that Robert-Ritter was unwilling to voluntarily pay the judgment and that Genesis was forced to use the legal process to collect on the judgment.

As you know, Genesis first contacted Albrecht in August 2025, when it emailed him a subpoena to testify and produce documents in aid of execution of Genesis' judgment against Robert-Ritter.  Like many of Genesis' attempts to engage with Albrecht, this email was ignored.  Albrecht has routinely ignored Genesis's efforts to require Albrecht to comply with court orders in this matter.  Despite being an attorney and officer of the court himself, Albrecht also has made it a habit of firing attorneys on the eve of court deadlines to avoid answering questions and providing documents regarding his relationship with Robert-Ritter.  The purpose of Albrecht's conduct in this regard was to deprive Genesis of the information it needed to collect from Robert-Ritter.

Albrecht finally accepted personal service of a subpoena to testify and produce documents on November 2, 2025.  Right after this subpoena was served, Albrecht and Robert-Ritter engaged in an elaborate effort to place Robert-Ritter's interest in the law firm beyond the reach of Genesis.  First, they abruptly rearranged their relationship and placed Robert-Ritter's interest in the law firm in a new entity.  There was no legitimate reason to create this new entity.  Just weeks after Genesis served its subpoena to Albrecht that compelled testimony and documents regarding his knowledge of Robert-Ritter's assets, Albrecht emailed Robert-Ritter with draft operating agreements for an entity called Albrecht-Ritter PLLC, and instructed Robert-Ritter to execute and return them.  During his deposition, Albrecht said that he and Robert-Ritter had only one written communication about this arrangement.

Second, Albrecht and Robert-Ritter then altered how, when, and where Robert-Ritter would be paid.  Instead of paying Robert-Ritter periodic distributions consistent with Robert-Ritter's ownership interest in Albrecht Law, Albrecht arranged to call the firm's payments to Robert-Ritter "wages" and refer to Robert-Ritter as an "employee" of the new entity.  Albrecht and Robert-Ritter also established an account at Applied Bank in Delaware, where Albrecht and Albrecht Law had never previously banked.  Albrecht Law already had bank accounts and a payment platform at another bank.  Albrecht then agreed to issue monthly $25,000 payments to Robert-Ritter as "wages," instead of distributions, which are not subject to garnishment.

By conveying Robert-Ritter's 60-percent interest in Albrecht Law to Albrecht Ritter, and altering the method and timing of Robert-Ritter's payments, Albrecht willfully and knowingly facilitated the transfer of Robert-Ritter's assets to help Robert-Ritter avoid payment of Genesis' judgment.  Despite operating an established law firm, Albrecht created a new business entity, specifically for Robert-Ritter, for the sole purpose of protecting Robert-Ritter's interest in Albrecht Law and funneling payment to Robert-Ritter through means less vulnerable to collection by Genesis.  To the public, Albrecht and Robert-Ritter broadcast no changes in their relationship.  Robert-Ritter continues act on behalf of Albrecht Law and to sign public filings as a representative of "Albrecht Law," even though Robert-Ritter had begun secretly receiving payments through Albrecht Ritter.

troutman
pepper locke

March 16, 2026
Page 3

Genesis believes that Albrecht and Albrecht Law are liable to Genesis for offenses including, but not limited to, violations of the Pennsylvania Uniform Voidable Transactions Act ("PUVTA"), *see* 12 Pa. C.S.A. § 5107(a); fraudulent conveyance in violation of 12 Pa. C.S.A. § 5104 and Pennsylvania common law; and conspiracy.  With further investigation, we expect additional facts will be uncovered which establish an even greater pattern of improper conduct by Albrecht and Albrecht Law.  Further formal discovery will likely be necessary.  In an effort to avoid a prolonged and expensive investigation and litigation, we urge you to resolve this matter promptly.

Given the amount of Albrecht Law's revenue in 2025 and the percentage attributable to Robert-Ritter, Genesis believes its claims against Albrecht and Albrecht law are in the millions.  However, Genesis will agree to settle its claims against Albrecht and Albrecht Law for $1 million.

Genesis reserves the right to, and will, pursue all appropriate remedies, including filing suit, should its demand not be met.  Please respond by 5:00 p.m. on March 23, 2026.

Sincerely,

Richard J. Zack
*Counsel for Genesis Capital, LLC*